Defendant James L. Floyd has appealed from a judgment in the Summit County Common Pleas Court that found him guilty of one count of driving under the influence of alcohol. This Court affirms.
 I.
On December 21, 1999, Defendant's vehicle was stopped at approximately 2:00 a.m. on Belleflower Street in Akron, Ohio. An Akron police officer initiated the traffic stop after observing Defendant's erratic maneuvers on Diana and Mistletoe Street. The officer was directly behind the Defendant on Wooster Avenue and observed Defendant turn right onto Diana Street. While on Diana Street, Defendant slowed down and started to move toward the right curb of the street behind a stationary vehicle. The officer believed Defendant was going to park behind the vehicle; however, Defendant quickly swerved back toward the center of the street to avoid hitting the stationary vehicle. There was no oncoming traffic or hazardous conditions on Diana Street.
As the officer continued to follow, Defendant made a wide left turn onto Mistletoe Street. Defendant again abruptly swerved his vehicle to the center of the street to avoid hitting the curb. The officer activated his overhead lights and executed a traffic stop believing that Defendant was driving under the influence of alcohol. Defendant pulled into his driveway on Bellflower Street and received a citation for driving under the influence of alcohol, a violation of R.C. 4511.19(A)(1), and failure to drive within marked lanes, a violation of R.C. 4511.33. The two citations were later separated when the Summit County Prosecutor issued a direct indictment charging Defendant with driving under the influence of alcohol.[1]
Defendant moved the trial court to suppress the evidence against him on the charge of driving under the influence of alcohol, arguing that the officer did not have a reasonable suspicion to perform the traffic stop. The trial court denied his motion. On May 24, 1999, Defendant entered a plea of no contest to one count of driving under the influence of alcohol. The trial court found him guilty and sentenced him accordingly. Defendant timely appealed, asserting one assignment of error.
 II. The trial court erred in overruling [Defendant's] motion to suppress as there was insufficient evidence to support a finding that the police officer had a reasonable and articulate suspicion that the [Defendant] was violating any traffic law.
 Defendant has claimed that his constitutional rights were violated by the initial stop because he did not violate any traffic law. Specifically, Defendant has asserted that his erratic maneuvering did not constitute a reasonable and articulable suspicion to justify the traffic stop. This Court disagrees.
When a motion to suppress is denied, a reviewing court must consider whether the officer making the stop had a reasonable suspicion, based on specific and articulable facts, that the party stopped is or was recently engaged in criminal behavior. SeeTerry v. Ohio (1968), 392 U.S. 1, 21, 20 L.Ed.2d 889, 905-906. "[I]f the specific and articulable facts available to an officer indicate that a driver may be committing a criminal act, which includes the violation of a traffic law, the officer is justified in making an investigative stop." State v. Shook (June 15, 1994), Lorain App. No. 93CA005716, unreported, at 4. This "reasonable suspicion" standard may also be met, with respect to traffic stops, when an officer makes a stop based on probable cause that a traffic violation has occurred or was occurring. See Dayton v.Erickson (1996), 76 Ohio St.3d 3, syllabus. When a police officer has probable cause to believe that a traffic violation has occurred or was occurring, a stop is constitutional even if the officer's motive in conducting the stop is pretextual. Id.
Probable cause is warranted when the known facts and circumstances are sufficient for a reasonable person to believe that a crime has been committed. See Ornelas v. United States (1996),517 U.S. 690, 696, 134 L.Ed.2d 911, 918. The determination of whether probable cause existed for a traffic stop is a mixed question of law and fact; therefore, this Court will review the determinationde novo. State v. Gibson (July 7, 1999), Lorain App. No. 97CA006967, unreported, at 4.
Defendant received a citation for violating R.C. 4511.33(A). Essentially, R.C. 4511.33(A) mandates that a person drive a vehicle within a single marked lane and avoid any abrupt movements, such as weaving, until these movements can be made with safety. R.C. 4511.33(A); see, also, State v. Mittiga (July 3, 1996), Summit App. No. 17616, unreported, at 4. The officer testified that he first noticed the vehicle operated by Defendant on Wooster Avenue. The officer continued behind Defendant on Diana Street and observed him swerving into the center of the street to avoid hitting another vehicle. While following Defendant, the officer also saw him take a wide left turn and nearly hit the curb on Mistletoe Street.
Defendant has asserted that there were no articulated facts to justify the traffic stop. He has insisted that his maneuvering behind the stationary vehicle and his wide left turn were a safety precaution because of the narrow streets in the neighborhood. This Court recognizes that a police officer's observation of someone weaving within his own lane is justification for a traffic stop. Cuyahoga Falls v. Morris, (Aug. 19, 1998), Summit App. No 18861, unreported, at 4, citing State v.Williams (1993), 86 Ohio App.3d 37, 43. Because the officer observed Defendant committing two separate traffic violations, within a short period of time, the officer had both a reasonable suspicion of criminal activity and probable cause to stop Defendant's vehicle. Accordingly, Defendant's traffic stop was not improper.
 III.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _____________________________________ BETH WHITMORE, FOR THE COURT
CARR, P.J. and BATCHELDER, J. CONCUR.
[1] The traffic violation remained in the Akron Municipal Court and is not part of Defendant's appeal.